```
                    FILED
            CLERK, U.S. DISTRICT COURT

                 JUN 18 2024

           CENTRAL DISTRICT OF CALIFORNIA
           BY: ___rsm___ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>RYAN JAMES WEDDING,<br>　aka "James Conrad King,"<br>　aka "~R137,"<br>　aka "R,"<br>　aka "Mexi,"<br>　aka "El Jefe,"<br>　aka "El Toro,"<br>　aka "Boss," and<br>ANDREW CLARK,<br>　aka "~Mero güero,"<br>　aka "Dick,"<br>　aka "Dictator."<br><br>　　　　Defendants. | CR No. 2:24-CR-00369-SPG<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Distribute and Possess with Intent to Distribute Cocaine; 21 U.S.C. § 963: Conspiracy to Export Cocaine; 21 U.S.C. §§ 848(a), (b): Continuing Criminal Enterprise; 21 U.S.C. § 848(e)(1)(A): Murder in Connection with a Continuing Criminal Enterprise and Drug Crime; 21 U.S.C. §§ 853 and 970: Criminal Forfeiture] |

　　　The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

[ALL DEFENDANTS]

　　　Beginning on a date unknown to the Grand Jury, and continuing until on or about April 9, 2024, in Los Angeles, Riverside, and San Bernardino Counties, within the Central District of California, in

1 the countries of Mexico, Colombia, and Canada, and elsewhere,
2 defendants RYAN JAMES WEDDING, also known as ("aka") "James Conrad
3 King," aka "~R137," aka "R," aka "Mexi," aka "El Jefe," aka "El
4 Toro," aka "Boss," and ANDREW CLARK, aka "~Mero güero," aka "Dick,"
5 aka "Dictator," and others known and unknown to the Grand Jury,
6 conspired with each other to knowingly and intentionally distribute
7 and possess with intent to distribute at least five kilograms of a
8 mixture and substance containing a detectable amount of cocaine, a
9 Schedule II narcotic drug controlled substance, in violation of Title
10 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii).

COUNT TWO

[21 U.S.C. § 963]

[ALL DEFENDANTS]

Beginning on a date unknown to the Grand Jury, and continuing until on or about March 4, 2024, in Los Angeles, Riverside, and San Bernardino Counties, within the Central District of California, in the countries of Mexico, Colombia, and Canada, and elsewhere, defendants RYAN JAMES WEDDING, also known as ("aka") "James Conrad King," aka "~R137," aka "R," aka "Mexi," aka "El Jefe," aka "El Toro," aka "Boss," and ANDREW CLARK, aka "~Mero güero," aka "Dick," aka "Dictator," and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally export from the United States at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 953(a), 960(a)(1),(b)(1)(B)(ii).

|   |   |
|---|---|
| 1 | COUNT THREE |
| 2 | [21 U.S.C. §§ 848(a), (b)] |
| 3 | [DEFENDANT WEDDING] |
| 4 | Beginning on an unknown date, but not later than in or around |
| 5 | 2011, and continuing to on or about April 9, 2024, in Riverside, San |
| 6 | Bernardino, and Los Angeles Counties, within the Central District of |
| 7 | California, and in the countries of Mexico, Colombia, and Canada, and |
| 8 | elsewhere, defendant RYAN JAMES WEDDING, also known as ("aka") "James |
| 9 | Conrad King," aka "~R137," aka "R," aka "Mexi," aka "El Jefe," aka |
| 10 | "El Toro," aka "Boss," engaged in a continuing criminal enterprise in |
| 11 | that defendant WEDDING knowingly and intentionally violated Title 21, |
| 12 | United States Code, Sections 841, 846, 953, 960, and 963, by |
| 13 | committing violations, including but not limited to, the felony |
| 14 | violations alleged in Counts One and Two of this Indictment, which |
| 15 | Counts are re-alleged and incorporated herein by reference as if |
| 16 | fully set forth in this Count, all of which violations were part of a |
| 17 | continuing series of felony violations of subchapters I and II of |
| 18 | Title 21 of the United States Code, undertaken by defendant WEDDING |
| 19 | in concert with at least five other persons with respect to whom |
| 20 | defendant WEDDING occupied a position of organizer, supervisor, and |
| 21 | manager, and from which continuing series of violations defendant |
| 22 | WEDDING obtained substantial income and resources. |
| 23 | Furthermore, defendant WEDDING was a principal administrator, |
| 24 | organizer, and leader of the criminal enterprise, which involved the |
| 25 | possession with intent to distribute and exportation of at least 150 |
| 26 | kilograms of cocaine, a Schedule II narcotic controlled substance. |
| 27 |   |
| 28 |   |

4

COUNT FOUR

[21 U.S.C. §§ 848(a), (b)]

[DEFENDANT CLARK]

Beginning on an unknown date, but not later than November 7, 2023, and continuing to on or about April 9, 2024, in Riverside, San Bernardino, and Los Angeles Counties, within the Central District of California, and in the countries of Mexico, Colombia, and Canada, and elsewhere, defendant ANDREW CLARK, aka "~Mero güero," aka "Dick," aka "Dictator," engaged in a continuing criminal enterprise in that defendant CLARK knowingly and intentionally violated Title 21, United States Code, Sections 841, 846, 953, 960, and 963, by committing violations, including but not limited to, the felony violations alleged in Counts One and Two of this Indictment, which Counts are re-alleged and incorporated herein by reference as if fully set forth in this Count, all of which violations were part of a continuing series of felony violations of subchapters I and II of Title 21 of the United States Code, undertaken by defendant CLARK in concert with at least five other persons with respect to whom defendant CLARK occupied a position of organizer, supervisor, and manager, and from which continuing series of violations defendant CLARK obtained substantial income and resources.

Furthermore, defendant CLARK was a principal administrator, organizer, and leader of the criminal enterprise, which involved the possession with intent to distribute and exportation of at least 150 kilograms of cocaine, a Schedule II narcotic controlled substance.

COUNT FIVE

[21 U.S.C. § 848(e)(1)(A)]

[ALL DEFENDANTS]

On or about November 20, 2023, in Los Angeles County, within the Central District of California, and in the countries of Mexico, Colombia, and Canada, and elsewhere, defendants RYAN JAMES WEDDING, also known as ("aka") "James Conrad King," aka "~R137," aka "R," aka "Mexi," aka "El Jefe," aka "El Toro," aka "Boss," and ANDREW CLARK, aka "~Mero güero," aka "Dick," aka "Dictator," and others known and unknown to the Grand Jury, while engaging in and working in furtherance of a continuing criminal enterprise, as charged in Count Three of the Indictment, and while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A) or 960(b)(1), namely:

(1) conspiracy to possess with intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii); and

(2) conspiracy to export from the United States at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 953(a), 960(a)(1), (b)(1)(B)(ii);
intentionally killed and counseled, commanded, induced, procured, and caused the intentional killing of another person, namely, Victim A, and such killing did result.

COUNT SIX

[21 U.S.C. § 848(e)(1)(A)]

[ALL DEFENDANTS]

On or about November 20, 2023, in Los Angeles County, within the Central District of California, and in the countries of Mexico, Colombia, and Canada, and elsewhere, defendants RYAN JAMES WEDDING, also known as ("aka") "James Conrad King," aka "~R137," aka "R," aka "Mexi," aka "El Jefe," aka "El Toro," aka "Boss," and ANDREW CLARK, aka "~Mero güero," aka "Dick," aka "Dictator," and others known and unknown to the Grand Jury, while engaging in and working in furtherance of a continuing criminal enterprise, as charged in Count Four of the Indictment, and while engaged in an offense punishable under Title 21, United States Code, Section 841(b)(1)(A) or 960(b)(1), namely:

(1) conspiracy to possess with intent to distribute at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(ii); and

(2) conspiracy to export from the United States at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 953(a), 960(a)(1), (b)(1)(B)(ii);
intentionally killed and counseled, commanded, induced, procured, and caused the intentional killing of another person, namely, Victim B, and such killing did result.

SENTENCING ALLEGATION

[DEFENDANT WEDDING]

Defendant RYAN JAMES WEDDING, also known as ("aka") "James Conrad King," aka "~R137," aka "R," aka "Mexi," aka "El Jefe," aka "El Toro," aka "Boss," prior to committing the offenses alleged in Counts One and Two, had been finally convicted of a serious drug felony as that term is defined and used in Title 21, United States Code, Sections 802(57), 841, and 960, namely, Conspiracy to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, in the United States District Court for the Southern District of California, case number 3:08-cr-02386-JM-3, on or about November 30, 2009, for which defendant WEDDING served a term of imprisonment of more than 12 months.

Defendant WEDDING was released from a term of imprisonment for that offense within 15 years of the commencement of the offenses alleged in Counts One and Two of this Indictment.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

[ALL DEFENDANTS]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of the offenses set forth in any of Counts One and Three through Six of this Indictment.

2. Any defendant so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[21 U.S.C. §§ 853 and 970]

[ALL DEFENDANTS]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Sections 853 and 970, in the event of any defendant's conviction of the offense set forth in Count Two of this Indictment.

2. Any defendant so convicted, shall forfeit to the United States of America the following:

   (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from such offense;

   (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such offense;

   (c) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

   (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the

jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

DAMARIS M. DIAZ
Assistant United States Attorney
Acting Chief, Violent and
Organized Crime Section

LYNDSI ALLSOP
MARIA JHAI
Assistant United States Attorneys
Violent and Organized Crime
Section