TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
LYNDSI ALLSOP (Cal. Bar No. 323485)
Assistant United States Attorney
Deputy Chief, Transnational Organized Crime Section
MARIA ELENA STITELER (Cal. Bar No. 296086)
Assistant United States Attorney
Transnational Organized Crime Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-3165/(505) 224-1495
    Facsimile: (213) 894-3713/0141
    E-mail:   Lyndsi.Allsop@usdoj.gov
               Maria.Stiteler@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:24-cr-000369(A)-SPG-1 |
|---|---|
| Plaintiff, | STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT |
| v. | |
| RYAN JAMES WEDDING,<br>  aka "James Conrad King,"<br>  aka "Jesse King,"<br>  aka "~R137,"<br>  aka "~PE,"<br>  aka "~3.14,"<br>  aka "R,"<br>  aka "RW,"<br>  aka "Mexi,"<br>  aka "El Jefe,"<br>  aka "El Toro,"<br>  aka "Boss,"<br>  aka "Buddy,"<br>  aka "Giant,"<br>  aka "Grande,"<br>  aka "Public,"<br>  aka "Public Enemy,"<br>  aka "NPKY8WY7," | **CURRENT TRIAL DATE:** 3/24/2026<br>**PROPOSED TRIAL DATE:** 10/27/2026 |

aka "FUJ93HXR,"

   Defendant.

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorneys Lyndsi Allsop and Maria Elena Stiteler, and defendant RYAN JAMES WEDDING ("defendant"), both individually and by and through his counsel of record, Anthony Colombo, hereby stipulate as follows:

1. The First Superseding Indictment in this case was filed on September 17, 2024. (Dkt. No. 10.) Defendant first appeared before a judicial officer of the court in which the charges in this case were pending on January 26, 2026. (Dkt. No. 351.) The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 6, 2026. At present, one of the defendants named in the First Superseding Indictment remains a fugitive, and three are awaiting the initiation of extradition proceedings in Canada.

2. On January 26, 2026, the Court set a trial date of March 24, 2026, and a status conference date of February 11, 2026, for defendant. (Dkt. No. 351.)

3. On January 13, 2026, with respect to the other defendants who are presently within the Central District of California, the Court set a trial date of October 27, 2026, and a status conference date of October 14, 2026, as well as various motion deadlines. (Dkt. No. 340.)

4. Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two to three

2

weeks.  All defendants are joined for trial and a severance has not been granted.

5.   By this stipulation, defendant moves to continue the trial date to October 27, 2026, and the status conference date to October 14, 2026, with the following briefing schedule for any motions: Motions due: September 9, 2026; Oppositions due: September 23, 2026; Replies due: September 30, 2026.  This is defendant's first request for a continuance.

6.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

    a.   Defendant is charged with conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846 (Counts 1 and 2), conspiracy to export a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 963 (Count 3), continuing criminal enterprise, in violation of 21 U.S.C. §§ 848(a), (b) (Count 4), murder in connection with a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A) (Counts 7-8, 11), and attempted murder in connection with a continuing criminal enterprise, in violation of 21 U.S.C. §§ 846, 848(e)(1)(A) (Count 9).  Discovery in this case is voluminous.  The government is in the process of preparing discovery for the defendant, and, in the interim, and in accordance with Rule 16, has made the discovery available for the defense to view.

    b.   Due to the transnational nature of the prosecution and the number of defendants, including the charges in the indictment and the voluminous discovery being prepared for the defense, this case is so unusual and so complex that it is unreasonable to expect adequate

1 preparation for pretrial proceedings or for the trial itself within
2 the Speedy Trial Act time limits.
3       c.    Defense counsel for the defendant is presently
4 scheduled to be in the following trials and other proceedings:
5 1) United States v. Ruben Oseguera-Gonzalez, Case No. 25-3032, a
6 post-trial appeal of a life sentence pending in the briefing stage
7 before the D.C. Court of Appeals, with a collateral civil lawsuit
8 being prepared in relation to the conditions of confinement in the
9 Bureau of Prisons; 2) United States v. Dewayne Morris, Jr., Case No.
10 25-156, a post-trial appeal pending in the briefing stage before the
11 Ninth Circuit Court of Appeals; 3) United States v. Yessenia
12 Madrigal, Case No. 25-cr-3909-JES, Southern District of California, a
13 single defendant importation of cocaine case currently set on April
14 17, 2026, for a Motion Hearing and Trial Setting, with the trial
15 expected to last five days; 4) United States v. Samuel Baez Tinoco,
16 Case No. 25-cr-2206-LL, Southern District of California, a single
17 defendant importation of methamphetamine case currently set for a
18 Motions in limine hearing on June 3, 2026, and trial on June 16,
19 2026, with the trial expected to last five days; and 5) United States
20 v. Sujey Velazquez, Case No. 26-cr-00074-BJC, Southern District of
21 California, a multiple defendant importation of fentanyl case
22 currently set on February 23, 2026, for Motion Hearing and Trial
23 Setting, with trial expected to last three days, however, this case
24 is anticipated to resolve prior to trial.  Counsel also has the
25 following upcoming sentencing hearings, several of which require out-
26 of-state travel:  1) United States v. Fernando Martinez-Lopez, Case
27 No. 24-cr-00191-DMT, District of North Dakota, August 10, 2026; 2)
28 United States v. Benito Estrada, Case No. 23-cr-00718-CCC, District

of New Jersey, March 4, 2026; 3) United States v. Poly Antunez, Case No. 23-cr-2349-AGS, Southern District of California, March 16, 2026; 4) United States v. Daniel Juarez, Case No. 25-cr-02634-JO, Southern District of California, March 27, 2026; 5) United States v. Lazaro Sotolongo, Case No. 24-cr-02708-JO, Southern District of California, February 13, 2026; 6) United States v. Veronica Idaly Narez, Case No. 25-mj-6068-BLM, Southern District of California, February 26, 2026; and 7) United States v. Juan Carlos Marquez-Navarro, Case No. 25-cr-4907-AJB, Southern District of California, May 4, 2026.  In addition, counsel has several other matters pending:  1) United States v. Nameer Atta, Case No. 21-cr-01289-RBM, Southern District of California, set for restitution hearing on April 10, 2026, with post-trial restitution related to a fentanyl death conviction; and 2) United States Ardalaan Adams, Case No. 20-cr-2980-WQH, Southern District of California, Rule 35 litigation pending.

       d.   Accordingly, counsel represents that he will not have the time that he believes is necessary to prepare to try this case on the current trial date.

       e.   In light of the foregoing, counsel for the defendant also represents that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur.  Defense counsel represents that failure to grant the continuance would deny him reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

    f. Defendant believes that failure to grant the continuance will deny him continuity of counsel and adequate representation.

    g. The government does not object to the continuance.

    h. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the Government to obtain available witnesses.

  7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of February 6, 2026 to October 27, 2026, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for

1 effective preparation, taking into account the exercise of due
2 diligence.
3     8.   Nothing in this stipulation shall preclude a finding that
4 other provisions of the Speedy Trial Act dictate that additional time
5 periods be excluded from the period within which trial must commence.
6 Moreover, the same provisions and/or other provisions of the Speedy
7 Trial Act may in the future authorize the exclusion of additional
8 time periods from the period within which trial must commence.
9     IT IS SO STIPULATED.
10 Dated: February 9, 2026      Respectfully submitted,

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

        /s/
LYNDSI ALLSOP
MARIA ELENA STITELER
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

22 //
23 //
24 //
25 //
26 //
27 //
28

7

I am RYAN JAMES WEDDING's attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client's decision to give up the right to be brought to trial earlier than October 27, 2026, is an informed and voluntary one.

_____    2/6/26
ANTHONY COLOMBO                    Date
Attorney for Defendant
RYAN JAMES WEDDING

I have read this stipulation and have carefully discussed it with my attorney. I understand my Speedy Trial rights. I voluntarily agree to the continuance of the trial date, and give up my right to be brought to trial earlier than October 27, 2026.

_____    2/6/26
RYAN JAMES WEDDING                 Date
Defendant

8