UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>RYAN JAMES WEDDING,<br>  aka "James Conrad King,"<br>  aka "Jesse King,"<br>  aka "~R137,"<br>  aka "~PE,"<br>  aka "~3.14,"<br>  aka "R,"<br>  aka "RW,"<br>  aka "Mexi,"<br>  aka "El Jefe,"<br>  aka "El Toro,"<br>  aka "Boss,"<br>  aka "Buddy,"<br>  aka "Giant,"<br>  aka "Grande,"<br>  aka "Public,"<br>  aka "Public Enemy,"<br>  aka "NPKY8WY7,"<br>  aka "FUJ93HXR,"<br><br>      Defendant. | No. 2:24-cr-000369(A)-SPG-1<br><br>ORDER CONTINUING TRIAL DATE AND <u>FINDINGS REGARDING EXCLUDABLE TIME</u> <u>PERIODS PURSUANT TO SPEEDY TRIAL</u> <u>ACT</u><br><br>**[PROPOSED] TRIAL DATE: 10/27/2026**<br><br>**[PROPOSED] STATUS CONFERENCE: 10/14/2026** |

    The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by the

defendant RYAN JAMES WEDDING ("the defendant") in this matter on February 9, 2026. The Court hereby finds that the Stipulation, which this Court incorporates by reference into this Order, demonstrates facts that support a continuance of the trial date in this matter, and provides good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

The Court further finds that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; (iii) the case is so unusual and so complex, due to the nature of the prosecution and the number of defendants, that it is unreasonable to expect preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act; and (iv) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The trial in this matter is continued from March 24, 2026, to October 27, 2026 at 8:30 a.m. The status conference hearing is continued from February 11, 2026, to October 14, 2026 at 9:30 a.m. The briefing schedule for any motions shall be: Motions due: September 9, 2026; Oppositions due: September 23, 2026; Replies due: September 30, 2026.

2. The time period of February 6, 2025, to October 27, 2026, inclusive, is excluded in computing the time within which the trial

must commence, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

February 10, 2026
DATE

HONORABLE SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

3